IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RUCHI SOYA INDUSTRIES, LTD., | § | |
| | § | CIVIL ACTION NO. 3:15-CV-0949-G |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| PRIMENA TECHNOLOGIES, INC. and | § | |
| CELERITAS CHEMICALS, LLC, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY
RESPONSES AND DOCUMENT PRODUCTION FROM DEFENDANTS**

Plaintiff Ruchi Soya Industries, Ltd. ("Plaintiff") files this, Plaintiff's Motion to Compel Discovery Responses and Document Production from Defendants PrimeNA Technologies, Inc. ("PrimeNA") and Celeritas Chemicals, LLC ("Celeritas," and with PrimeNA, "Defendants"), and in support thereof, would respectfully show the Court as follows:

**RELIEF REQUESTED**

1.      This lawsuit arises from Plaintiff's sale of guar gum powder, a polymer used in petroleum exploration ("guar"), to PrimeNA, and PrimeNA's and Celeritas' subsequent breach of a promissory note and guaranty, respectively, arising from indebtedness due Plaintiff from the guar sale. Defendants have confirmed that they have engaged in the sale of all, or a substantial portion of, Defendants' assets, but refuse to answer discovery about such asset sale, or produce any documents pertaining to the sale.

In the present motion, Plaintiff requests that the Court overrule Defendants' discovery objections, and compel answers and responses to discovery and document production.

### EXHIBITS TO THE MOTION

2. Plaintiff hereby incorporates the following exhibits by reference as fully set forth herein:

| | |
|---|---|
| **EXHIBIT A** | Ruchi Soya Industries, Ltd. Purchase Order No. PO-101 dated March 1, 2013; |
| **EXHIBIT B** | Promissory Note issued by PrimeNA to Plaintiff dated July 1, 2014 in the amount of $470,000.00; |
| **EXHIBIT C** | Promissory Note issued by PrimeNA to Plaintiff dated July 1, 2014 in the amount of $960,000.00; |
| **EXHIBIT D** | Guaranty Agreement executed by Celeritas dated July 1, 2014; |
| **EXHIBIT E** | A true and correct copy of Defendants' Rule 26 Initial Disclosures; |
| **EXHIBIT F** | A true and correct copy of correspondence from Plaintiff to Defendants requesting that Defendants supplement their Rule 26 Disclosures; |
| **EXHIBIT G** | A true and correct copy of Defendants' Responses to First Set of Interrogatories; |
| **EXHIBIT H** | A true and correct copy of Defendants' Responses to First Request for Production; |
| **EXHIBIT I** | Correspondence from Plaintiff to Defendants dated October 30, 2015 concerning Defendants' failure to respond to discovery and produce documents concerning Defendants' sale of all, or substantially all, of their assets; and |
| **EXHIBIT J** | E-mail correspondence from Defendants to Plaintiff dated November 6, 2015 refusing to respond to discovery and produce documents concerning the sale of Defendants' sale of all, or substantially all, of their assets. |

## PENDING RELATED MOTIONS

3. Plaintiff filed Plaintiff's Unopposed Motion to Extend the Joinder and Pleadings Deadlines dated November 13, 2015 [Docket No. 27] ("Motion to Extend"), requesting a sixty-day extension of such deadlines for purposes of obtaining additional time to amend Plaintiff's pleadings and join additional parties, and the Motion to Extend is presently pending before the Court. Amendment of pleadings and joinder of additional parties is, in part, dependent on obtaining discovery and documents[1] regarding Defendants' asset sale, both of which are at issue in the present motion.

## BACKGROUND

4. Plaintiff is a supplier of guar to the oil and gas industry. PrimeNA represents itself as a seller of chemicals, polymers and other products to energy companies.

5. Plaintiff sold 1,600,000 pounds of industrial guar to PrimeNA pursuant to Purchase Order No. PO-101 dated March 1, 2013 ("Purchase Order"), in exchange for payment of $4,880,000.00[2]. Exhibit A. Plaintiff tendered the guar to PrimeNA in 2013, however, PrimeNA failed to pay for a portion of such guar for more than a year. Plaintiff and PrimeNA agreed to resolve the balance due Plaintiff through a Promissory Note in the amount of $470,000.00 dated July 1, 2014 ("Note One"), a Promissory Note in the

---

[1] As of the date of Plaintiff's Motion to Extend, Defendants had not produced any documents in this case. Defendants subsequently produced documents on November 17, 2015, however, Plaintiff has not yet had an opportunity to review Defendants' voluminous production to determine what portion of such documents are responsive to this case. Plaintiff may need to also amend its pleadings or join additional parties based upon the contents of such documents.

amount of $960,000.00 dated July 1, 2014 ("Note Two" and together with Note One, "Promissory Notes"), a balance discount, and a partial cash payment. Exhibit B; Exhibit C. Celeritas unconditionally guaranteed payment of all amounts due under the Promissory Notes pursuant to a Guaranty Agreement dated July 1, 2014. ("Guaranty") Exhibit D. PrimeNA made approximately three payments on Note One, and did not make any payments on Note Two, and Celeritas failed to honor its obligations under the Guaranty with respect to PrimeNA's indebtedness. *See* Plaintiff's Original Complaint [Docket No. 1]. Plaintiff thereafter filed this lawsuit on March 26, 2014. *See id.*

6. Plaintiff learned through communications with industry contacts that Defendants sold all, or a substantial portion, of Defendants' assets. Exhibit F. Plaintiff confirmed the sale in communications with Defendants, and Plaintiff subsequently issued correspondence to Defendants confirming the communication and requesting that Defendants supplement their Rule 26 Initial Disclosures with the identity of the buyer and the transactional documents executed in conjunction with the sale. Exhibit F. Plaintiff explained the grounds for discoverability of the information and why Plaintiff needs its information to further its case. Exhibit F. Defendants did not respond to the letter or supplement their Rule 26 Initial Disclosures.

7. Plaintiff propounded written discovery requests on Defendants on August 14, 2015 ("Discovery Requests") seeking to discover, in part, information regarding the transaction underlying the sale of Defendants' companies and/or assets. Plaintiff's First Set of Interrogatories to Defendants Nos. 8 and 9 ("Asset Sale Interrogatories") asked

---

[2] Payment terms are set forth in the Purchase Order.

Defendants to identify any sale by date, purchaser, assets and liabilities sold and retained, covenants or representations incident to the sale, and sale agreement. *See* Exhibit G. Similarly, Plaintiff's First Request for Production to Defendants Nos. 21 through 28 ("Asset Sale Production Requests," and with the Asset Sale Interrogatories, the "Asset Sale Discovery") sought to obtain production of any sale agreement, documents evidencing purchase money consideration, corporate resolutions or other similar documents pertaining to the asset sale. *See* Exhibit H.

8. Defendants responded to the Discovery Requests on October 1, 2015 and objected to all of the Asset Sale Discovery, with substantially the same rote discovery objection:

> [O]verbroad, unduly burdensome and seeks information that is not relevant to any matter in contention between the parties. This is a simple dispute involving claims that the Defendants failed to make payments under notes and a guarantee, and the sale of assets by any Defendant at any time have no relevance to the matters plead in Plaintiff's live Complaint.

*See* Exhibit G; Exhibit H. Notably, Defendants did not object to the Asset Sale Discovery on the basis that the information and documents do not exist. *See* Exhibit G; Exhibit H.

9. Plaintiff sent Defendants a letter dated October 30, 2015 following up on several discovery issues, including the failure of Defendants to supplement their Rule 26 Initial Disclosures, and responses and answers to the Asset Sale Discovery. Exhibit I. Plaintiff further gave Defendants one week, through and including November 6, 2015 to supplement Defendants' discovery. Exhibit I. In the late afternoon of November 6, Defendants sent e-mail correspondence to Plaintiff indicating that Defendants would not

be providing information or documents responsive to the Asset Sale Discovery. Despite prior representations by Defendants that the sale of the companies had taken place, Defendants represented that neither company had been sold and took the position that any sale of assets was not discoverable on the grounds that it was a premature request for post-judgment discovery.

10.   Plaintiff is unquestionably entitled to discover information and documents concerning the sale of all, or a substantial portion, of Defendants' assets. If Defendants' company records were included in the sale transaction, then any purchaser is a party likely to have discoverable information. Additionally, the transferee of the assets is a potential party to the lawsuit depending on treatment of liability for the Promissory Notes and Guaranty. Accordingly, this Court should compel Defendants to answer and respond to the Asset Sale Discovery, and produce documents.

### ARGUMENTS AND AUTHORITIES

11.   A party may file a motion to compel when any other party does not properly complete the disclosures required by FED. R. CIV. P. 26, answer an interrogatory under FED. R. CIV. P. 33, or respond to a production request under FED. R. CIV. P. 34. FED. R. CIV. P. 37(a)(3).

12.   In *Buckeye Ret. Co. v. Wade*, an individual obtained a discharge pursuant to a petition under Chapter 7 of the Bankruptcy Code. 2012 Bankr. LEXIS 5210, *2 (S.D. Tex. 2012). A creditor sought revocation of the discharge in an adversary proceeding, asserting that the debtor obtained the discharge through fraud by concealing a beneficial interest in two companies ("Adversary Proceeding One"), AAA Treasure International

Company, Inc. ("AAA") and Omni Pipe Solutions ("Omni"). *Id.* at *3. The bankruptcy's Chapter 7 Trustee also sought revocation of the discharge in a second adversary proceeding, and to avoid certain fraudulent transfers of property and the same interests in AAA and Omni ("Adversary Proceeding Two"), to Rochelle Lang ("Lang"). *Id.* at *3.

13. The claimant in Adversary Proceeding One sought discovery from AAA and Omni pertaining to the companies' ownership and operation. *Id.* at *4. The companies sought to resist the discovery through a motion to quash and for protective orders on the grounds that the discovery was not relevant, beyond the scope of discovery, and not reasonably calculated to lead to the discovery of admissible evidence. *Id.* at *4.

14. The trustee sought discovery from AAA and Lang, with respect to the creditor's concealment of his beneficial interests in AAA, and transfer of same to the transferee. *Id.* at *3-4. The company and trustee both resisted the discovery on the grounds that it was confidential and not relevant. *Id.* at *3-4. The trustee filed a motion to compel the requested discovery. Id. at *3-4.

15. In reviewing both discovery motions, the district court determined that the requested documents were relevant to the matters addressed in the adversary complaints. *Id.* at *4. Accordingly the district court denied the motions resisting the discovery, and granted the motion to compel discovery. *Id.* at *4.

16. Similar to the claimant and Chapter 7 Trustee in *Buckeye*, in the present case, Plaintiff seeks answers and responses to the Asset Sale Discovery, and documents responsive to the Asset Sale Production Requests, for purposes of identifying whether

Defendants sold their companies, or a substantial portion of their assets, to a third party. Plaintiff needs this discovery for purposes of analyzing whether it should amend its pleadings and join the transferee of the assets as a party. In the present case, Plaintiff is not even able to analyze a potential fraudulent transfer claim related to the sale of Defendants' assets, because Defendants have asserted rote relevancy and overbreadth objections, like the parties resisting discovery in *Buckeye*. The Asset Sale Discovery is undeniably relevant to pursuing collection of amounts due under the Promissory Notes and Guaranty, and therefore, this Court should hold as the *Buckeye* court did and compel Defendants to answer and response to the Asset Sale Discovery and produce documents.

WHEREFORE, Plaintiff Ruchi Soya Industries, Ltd. requests that the Court grant its Motion to Compel Discovery Responses from Defendants, overrule Defendants' objections to the Discovery Requests, compel Defendants to answer and respond to the discovery, and for any and all further relief to which Plaintiff shows itself to be justly entitled.

Respectfully submitted,

**BOYARMILLER**

By: /s/ Lee A. Collins
Lee A. Collins
Federal ID No. 19221
State Bar No. 00790484
4265 San Felipe Road, Suite 1200
Houston, Texas 77027
Telephone: (713) 850-7766
Facsimile: (713) 552-1758
lcollins@boyarmiller.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFF RUCHI SOYA INDUSTRIES, LTD.**

OF COUNSEL:
David Stockel
Federal ID No. 592497
State Bar No. 24047411
Joshua A. Eberle
Federal ID No. 974857
State Bar No. 24062706
BOYARMILLER
4265 San Felipe Road, Suite 1200
Houston, Texas 77027
Telephone: (713) 850-7766
Facsimile: (713) 552-1758
dstockel@boyarmiller.com
jeberle@boyarmiller.com

LOCAL COUNSEL:

**TAYLOR & TAYLOR, PC**

William D. Taylor
State Bar No. 24046954
4115 Highgrove Drive
Arlington, Texas 76001
Telephone: (817) 483-8388
Facsimile: (817) 483-4390

**ATTORNEYS FOR PLAINTIFF RUCHI SOYA INDUSTRIES, LTD.**

## CERTIFICATE OF CONFERENCE

I hereby certify that I contacted counsel for Defendants regarding the filing of this motion and they are unopposed to the relief requested herein.

By: _____
Joshua A. Eberle

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th of November, 2015, I electronically filed the foregoing Plaintiff's Motion to Compel Discovery Responses from Defendants with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

James M. Stanton
Catherine A. Brandt
Stanton Law Firm, PC
9400 North Central Expressway, Suite 1304
Dallas, Texas 75231
Stanton@stantontrialfirm.com
brandt@stantontrialfirm.com

**ATTORNEY FOR DEFENDANTS
PRIMENA TECHNOLOGIES, INC.
AND CELERITAS CHEMICALS, LLC**

By: _____
Joshua A. Eberle