# EXHIBIT G

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **RUCHI SOYA INDUSTRIES, LTD.** | § | **CIVIL ACTION** |
| | § | |
| **V.** | § | **NO. 3:15-cv-00949-G** |
| | § | |
| **PRIMENA TECHNOLOGIES, INC., et al.** | §§ | |
| | § | **JUDGE A. JOE FISH** |

### DEFENDANTS' RESPONSES TO FIRST SET OF INTERROGATORIES

To:   Ruchi Soya Industries LTD, by and through its attorney of record, Lee A. Collins, 4265 San Felipe Road, Suite 1200 Houston, Texas 77027.

Defendants PrimeNA Technologies, Inc., ("PrimeNA") and Celeritas Chemicals, LLC ("Celeritas") (jointly, "Defendants") serve their responses to Plaintiff's First Set of Interrogatories.

Respectfully submitted,

*/s/ James M. Stanton*

James M. Stanton
Texas State Bar No. 24037542
Stanton@stantontrialfirm.com
H. Alexander Fuller
Texas State Bar No. 24055509
afuller@stantontrialfirm.com

Stanton Law Firm PC
9400 N. Central Expressway, Suite 1304
Dallas, Texas 75231
Telephone: (972) 233-2300
Facsimile:  (972) 692-6812

**ATTORNEYS FOR DEFENDANTS**

## RESPONSES

1. Do You dispute the issuance of the Agreement for the purchase of the Guar? If so, please identify the factual basis for Your contention.

   **RESPONSE:**

   No.

2. Does PrimeNA dispute receiving the Guar? If so, please identify the portion of the Guar that PrimeNA disputes receiving and explain the reason for PrimeNA's dispute.

   **RESPONSE:**

   No.

3. Did You communicate to Ruchi any cancellation, rejection, dispute or claim with respect to the Guar? If so, state the date and describe the grounds for any such cancellation rejection, dispute or claim.

   **RESPONSE:**

   Yes. The remainder of this answer may be derived from the documents responsive to Plaintiff's Requests for Production, to which Plaintiff refers.

4. Does PrimeNA dispute it is liable for payment of the Notes? If so, please identify and explain the reason for Prime NA's dispute of the Notes.

   **RESPONSE:**

   Objection – requires Defendants to marshal all of their evidence. Defendants will comply with the requirements of the Federal Rules of Civil Procedure concerning pretrial disclosures. Discovery is ongoing and, if necessary, Defendants will supplement.

5. Does Celeritas dispute it is liable for payment of amounts owed under the Guaranty? If so, please identify and explain the reason for Celeritas' dispute of liability under the Guaranty.

   **RESPONSE:**

   Objection – requires Defendants to marshal all of their evidence. Defendants will comply with the requirements of the Federal Rules of Civil Procedure concerning pretrial disclosures. Discovery is ongoing and, if necessary, Defendants will supplement.

6. Do You contend that Ruchi has failed to give You proper credit for any payments made pursuant to the Agreement, the Notes and/or the Guaranty? If so, please identify the items that You contend are omitted and explain the amount, method of payment and date of payment or type of credit with respect to each missing item.

**RESPONSE:**

Objection – requires Defendants to marshal all of their evidence. Defendants will comply with the requirements of the Federal Rules of Civil Procedure concerning pretrial disclosures. Discovery is ongoing and, if necessary, Defendants will supplement.

7. Please identify any lawsuit to which You are, or were, a party with respect to the re-sale of the Guar.

    **RESPONSE:**

    Objection. This interrogatory is overbroad and seeks information that is not relevant to the dispute between the parties. This is a simple dispute involving a note and a guarantee, and the existence of any lawsuit regarding the guar has no impact on the matters plead in Plaintiff's live Complaint. This request is, for the same reason, overly broad and thus overly burdensome, and harassing.

8. Please identify the sale of all, or any substantial portion, of PrimeNA's assets in the preceding two years by identifying the sale date, the purchaser, the assets and liabilities sold, the asset and liabilities retained, any covenants or representations made incident to the sale of assets and liabilities, along with any agreement incident to the sale.

    **RESPONSE:**

    Objection. This interrogatory is overbroad and seeks information that is not relevant to the dispute between the parties. This is a simple dispute involving a note and a guarantee, and the sale of assets by any Defendant at any time have no relevance to the matters plead in Plaintiff's live Complaint. This request is, for the same reason, overly broad and thus overly burdensome, and harassing.

9. Please identify the sale of all, or any substantial portion, of Celeritas' assets in the preceding two years by identifying the sale date, the purchaser, the assets and liabilities sold, the asset and liabilities retained, any covenants or representations made incident to the sale of assets and liabilities, along with any agreement incident to the sale.

    **RESPONSE:**

    Objection. This interrogatory is overbroad and seeks information that is not relevant to the dispute between the parties. This is a simple dispute involving a note and a guarantee, and the sale of assets by any Defendant at any time have no relevance to the matters plead in Plaintiff's live Complaint. This request is, for the same reason, overly broad and thus overly burdensome, and harassing.

10. Please identify the witnesses You intend to call at trial and provide a brief summary of their testimony.

    **RESPONSE:**

Defendants object that this interrogatory seeks information outside the scope of the Federal Rules of Civil Procedure. Defendants will disclose their anticipated trial witnesses in compliance with the trial court's pre-trial order. Defendants cannot speak for any witness at this time.

**CERTIFICATE OF SERVICE**

     In accordance with Federal Rules of Civil Procedure, on the 1st day of October, 2015, a true and correct copy of the above and foregoing document was served via email and U.S. Mail upon the following counsel of record:

Lee A. Collins
4265 San Felipe Road, Suite 1200
Houston, Texas 77027
Telephone: (713) 850-7766
Facsimile: (713) 552-1758
lcollins@boyarmiller.com

OF COUNSEL:
David Stockel
Joshua A. Eberle
BOYARMILLER
4265 San Felipe Road Suite 1200
Houston, Texas 77027
Telephone: (713) 850-7766
Facsimile: (713) 552-1758
dstockel@boyarmiller.com
jeberle@boyarmiller.com

William D. Taylor
4115 Highgrove Drive
Arlington, Texas 76001
Telephone: (817) 483-8388
Facsimile: (817) 483-4390

                                                  H. Alexander Fuller