# EXHIBIT H

Case 3:15-cv-00949-G-BF   Document 30-8   Filed 11/20/15   Page 1 of 12   PageID 272

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **RUCHI SOYA INDUSTRIES, LTD.** | § | **CIVIL ACTION** |
| | § | |
| **V.** | § | **NO. 3:15-cv-00949-G** |
| | § | |
| **PRIMENA TECHNOLOGIES, INC., et al.** | § § § | **JUDGE A. JOE FISH** |

### DEFENDANTS' RESPONSES TO FIRST REQUEST FOR PRODUCTION

To:   Ruchi Soya Industries LTD, by and through its attorney of record, Lee A. Collins, 4265 San Felipe Road, Suite 1200 Houston, Texas 77027.

Defendants PrimeNA Technologies, Inc., ("PrimeNA") and Celeritas Chemicals, LLC ("Celeritas") (jointly, "Defendants") serve their responses to Plaintiff's First Request for Production.

Respectfully submitted,

_____
James M. Stanton
Texas State Bar No. 24037542
Stanton@stantontrialfirm.com
H. Alexander Fuller
Texas State Bar No. 24055509
afuller@stantontrialfirm.com

Stanton Law Firm PC
9400 N. Central Expressway, Suite 1304
Dallas, Texas 75231
Telephone: (972) 233-2300
Facsimile:  (972) 692-6812

**ATTORNEYS FOR DEFENDANTS**

## RESPONSES

1. All Documents evidencing communications by, among or between the following entities, which relates to, or concerns, the Agreement, the Guar, the Notes, the Guaranty and/or the Lawsuit:

    a. Ruchi;
    b. PrimeNA;
    c. Celeritas;
    d. Ruchi Infrastructure, Ltd.;
    e. any broker that facilitated the Agreement;
    f. any transporters or shippers of the Guar;
    g. any banking or financial institutions of PrimeNA or Celeritas;
    h. the government of India, including any custom departments thereof;
    i. the United States Customs Office; and/or any other third party.

    **RESPONSE:**

    Objection – vague and overbroad as to the phrase "Documents evidencing communications." As written this phrase appears to be an unrestricted call for documents that make any reference, no matter how irrelevant or tangential, to the matter at hand, including documents protected by the attorney-client and work-product privileges.

    Defendants will make unprivileged communications and their attachments responsive to this request available for inspection and copying at a mutually agreeable time at the office of Defendants' counsel.

2. The non-privileged portion of PrimeNA's and Celeritas's files related to the Agreement, the Guar, the Notes, the Guaranty and/or the Lawsuit.

    **RESPONSE:**

    To the extent they exist in a format other than that produced in response to Requests for Production No. 1, Defendants will make these files available for inspection and copying at a mutually agreeable time at the office of Defendants' counsel.

3. A copy of the Promissory Note.

    **RESPONSE:**

    Responsive documents will be available for inspection and copying at a mutually agreeable time at the office of Defendants' counsel along with documents responsive to Requests for Production Nos. 1 and 2.

4. A copy of the Guaranty.

**DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION  Page 2 of 11**

   **RESPONSE:**

   Responsive documents will be available for inspection and copying at a mutually agreeable time at the office of Defendants' counsel along with documents responsive to Requests for Production Nos. 1 and 2.

5. All written contracts, purchase orders, sales orders, account statements, invoices, or other similar documents that evidence an agreement by PrimeNA to purchase guar from Ruchi.

   **RESPONSE:**

   Objection – vague and overbroad as to the phrase "documents that evidence an agreement." As written this phrase appears to be an unrestricted call for documents that make any reference, no matter how irrelevant or tangential, to the matter at hand, including documents protected by the attorney-client and work-product privileges.

   Defendants will make available for inspection and copying at a mutually agreeable time at the office of Defendants' counsel any written contracts, purchase orders, sales orders, account statements, and invoices in their possession along with documents responsive to Requests for Production Nos. 1 and 2.

6. All checks, money orders, COD's, wire transfers slips, receipts or other similar document evidencing any value paid by PrimeNA or Celeritas, on the one hand, to Ruchi, on the other hand, for the Guar, whether pursuant to the Agreement, the Notes, the Guaranty and/or otherwise.

   **RESPONSE:**

   Objection – vague and overbroad as to the phrase "documents evidencing any value paid." As written this phrase appears to be an unrestricted call for documents that make any reference, no matter how irrelevant or tangential, to the matter at hand, including documents protected by the attorney-client and work-product privileges.

   Defendants will make available for inspection and copying at a mutually agreeable time at the office of Defendants' counsel written contracts, purchase orders, sales orders, account statements, and/or invoices in their possession along with documents responsive to Requests for Production Nos. 1 and 2.

7. All Documents that evidence the re-sale, if any, of the Guar.

   **RESPONSE:**

   Objection – vague and overbroad as to the phrase "documents that evidence the re-sale." As written this phrase appears to be an unrestricted call for documents that make any reference, no matter how irrelevant or tangential, to the matter at hand, including documents protected

by the attorney-client and work-product privileges.

Defendants will make available for inspection and copying at a mutually agreeable time at the office of Defendants' counsel unprivileged relevant, responsive documents regarding the re-sale of the guar in their possession along with documents responsive to Requests for Production Nos. 1 and 2.

8. All bills of ladings, air freight bills, cargo or shipping manifest, freight statements or other documents evidencing the carriage of the Guar.

   **RESPONSE:**

   Objection – vague and overbroad as to the phrase "documents evidencing the carriage." As written this phrase appears to be an unrestricted call for documents that make any reference, no matter how irrelevant or tangential, to the matter at hand, including documents protected by the attorney-client and work-product privileges.

   Defendants will make available for inspection and copying at a mutually agreeable time at the office of Defendants' counsel any bills of ladings, air freight bills, cargo or shipping manifests, and/or freight statements in their possession along with documents responsive to Requests for Production Nos. 1 and 2.

9. All Documents issued by the customs office of any country identifying or describing the transportation of the Guar.

   **RESPONSE:**

   Defendants will make available for inspection and copying at a mutually agreeable time at the office of Defendants' counsel any customs documents in their possession along with documents responsive to Requests for Production Nos. 1 and 2.

10. All Documents which relate to, or concern, storage of the Guar.

    **RESPONSE:**

    Objection – vague and overbroad as to the phrase "Documents which relate to, or concern." As written this phrase appears to be an unrestricted call for documents that make any reference, no matter how irrelevant or tangential, to the matter at hand, including documents protected by the attorney-client and work-product privileges.

    Defendants will make available for inspection and copying at a mutually agreeable time at the office of Defendants' counsel relevant, responsive and unprivileged documents in their possession regarding storage of the Guar along with documents responsive to Requests for Production Nos. 1 and 2.

**DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION  Page 4 of 11**

11. All Documents that relate to, or concern, any complaint(s) You had or problems You encountered with the Guar.

    **RESPONSE:**

    Objection – vague and overbroad as to the phrase "Documents that relate to, or concern, any complaint(s)." As written this phrase appears to be an unrestricted call for documents that make any reference, no matter how irrelevant or tangential, to the matter at hand, including documents protected by the attorney-client and work-product privileges.

    Defendants will make available for inspection and copying at a mutually agreeable time at the office of Defendants' counsel relevant, responsive and unprivileged documents in their possession regarding complaints or problems with the guar along with documents responsive to Requests for Production Nos. 1 and 2.

12. All Documents evidence testing, and the results thereof, with respect to the Guar.

    **RESPONSE:**

    Objection – vague and overbroad as to the phrase "Documents evidence [*sic*]." As written this phrase appears to be an unrestricted call for documents that make any reference, no matter how irrelevant or tangential, to the matter at hand, including documents protected by the attorney-client and work-product privileges.

    Defendants will make available for inspection and copying at a mutually agreeable time at the office of Defendants' counsel relevant, responsive and unprivileged documents in their possession regarding testing of the Guar along with documents responsive to Requests for Production Nos. 1 and 2.

13. All Documents that relate to, or concern, any payment You have made on the Purchase Order, the Notes or the Guaranty, for which You have not been given proper credit.

    **RESPONSE:**

    Objection – vague and overbroad as to the phrase "Documents which relate to, or concern." As written this phrase appears to be an unrestricted call for documents that make any reference, no matter how irrelevant or tangential, to the matter at hand, including documents protected by the attorney-client and work-product privileges.

    Defendants will make available for inspection and copying at a mutually agreeable time at the office of Defendants' counsel relevant, responsive and unprivileged documents regarding documents including warehouse invoices, if any exist, in their possession along with documents responsive to Requests for Production Nos. 1 and 2.

**DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION  Page 5 of 11**

14. Any accounting of charges and payments for PrimeNA's purchase of the Guar.

    **RESPONSE:**

    Objection – vague and overbroad as to the term "accounting." As written this document appears to call for documents protected by the attorney-client and work-product privileges.

    At this time Defendants are unaware of the existence of any unprivileged accounting.

15. All meeting minutes, notes, memoranda or other documents that relate to, or concern, the Agreement, the Guar, the Notes, the Guaranty and/or the Lawsuit.

    **RESPONSE:**

    Objection – vague and overbroad as to the phrase "relate to, or concern." As written this phrase appears to be an unrestricted call for documents that make any reference, no matter how irrelevant or tangential, to the matter at hand, including documents protected by the attorney-client and work-product privileges.

    Defendants will make available for inspection and copying at a mutually agreeable time at the office of Defendants' counsel non-privileged meeting minutes, notes, or memoranda, if any exist, in their possession along with documents responsive to Requests for Production Nos. 1 and 2.

16. All Documents that support the defenses stated by Defendants in Defendants' Answer to Plaintiff's Complaint filed in the Lawsuit.

    **RESPONSE:**

    Defendants object that this request is overly broad and not in compliance with FRCP 34(a)(1)(A), which requires the requesting party to "designate documents" for production, inspection or copying. This request also invades the attorney-client and work-product privileges by demanding the production of specific documents which Defendants and their counsel believe support their defenses.

    Defendants refer Plaintiff to the documents produced in response to Requests for Production Nos. 1 and 2.

17. All Documents that relate to or concern any reason You have not paid the amounts claimed by Ruchi in the Lawsuit.

    **RESPONSE:**

**DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION  Page 6 of 11**

Objection – vague and overbroad as to the phrase "Documents which relate to or concern." As written this phrase appears to be an unrestricted call for documents that make any reference, no matter how irrelevant or tangential, to the matter at hand, including documents protected by the attorney-client and work-product privileges.

Defendants refer Plaintiff to the documents produced in response to Requests for Production Nos. 1 and 2.

18. All Documents that evidence PrimeNA's alleged cancellation of the Purchase Order, or any part thereof.

    **RESPONSE:**

    Objection – vague and overbroad as to the phrase "Documents that evidence." As written this phrase appears to be an unrestricted call for documents that make any reference, no matter how irrelevant or tangential, to the matter at hand, including documents protected by the attorney-client and work-product privileges.

    Defendants refer Plaintiff to the documents produced in response to Requests for Production Nos. 1 and 2.

19. All Documents in which You have denied or disputed liability for the amounts claimed by Ruchi in this Lawsuit.

    **RESPONSE:**

    Objection – vague and overbroad as to the phrase "Documents that evidence." As written this phrase appears to be an unrestricted call for documents that make any reference, no matter how irrelevant or tangential, to the matter at hand, including documents protected by the attorney-client and work-product privileges.

    Defendants refer Plaintiff to the documents produced in response to Requests for Production Nos. 1 and 2.

20. All Documents that demonstrate that another party is liable for the amounts claimed in the Lawsuit.

    **RESPONSE:**

    Objection – vague and overbroad as to the phrase "Documents that demonstrate." As written this phrase appears to be an unrestricted call for documents that make any reference, no matter how irrelevant or tangential, to the matter at hand, including documents protected by the attorney-client and work-product privileges.

    Defendants refer Plaintiff to the documents produced in response to Requests for Production Nos. 1 and 2.

21.    Any asset purchase agreement or other similar Document pursuant to which PrimeNA agreed to sell all or a substantial portion of its assets.

    **RESPONSE:**

    Defendants object that this request is overbroad, unduly burdensome and seeks information that is not relevant to any matter in contention between the parties. This is a simple dispute involving claims that the Defendants failed to make payments under notes and a guarantee, and the sale of assets by any Defendant at any time have no relevance to the matters plead in Plaintiff's live Complaint.

22.    All checks, money orders, COD'S, wire transfer slips, receipts or other similar document evidencing any value or consideration received by PrimeNA in the sale of all or a substantial portion of its assets.

    **RESPONSE:**

    Defendants object that this request is overbroad, unduly burdensome and seeks information that is not relevant to any matter in contention between the parties. This is a simple dispute involving claims that the Defendants failed to make payments under notes and a guarantee, and the sale of assets by any Defendant at any time have no relevance to the matters plead in Plaintiff's live Complaint.

23.    All corporate resolutions or other similar Document that identifies, describes or relates to PrimeNA's sale of all or a substantial portion of its assets.

    **RESPONSE:**

    Defendants object that this request is overbroad, unduly burdensome and seeks information that is not relevant to any matter in contention between the parties. This is a simple dispute involving claims that the Defendants failed to make payments under notes and a guarantee, and the sale of assets by any Defendant at any time have no relevance to the matters plead in Plaintiff's live Complaint.

24.    All Documents which identify, describe or relate to the sale by PrimeNA of all or a substantial portion of its assets.

    **RESPONSE:**

    Defendants object that this request is overbroad, unduly burdensome and seeks information

that is not relevant to any matter in contention between the parties. This is a simple dispute involving claims that the Defendants failed to make payments under notes and a guarantee, and the sale of assets by any Defendant at any time have no relevance to the matters plead in Plaintiff's live Complaint.

25. Any asset purchase agreement, letter of intent, or other similar Document pursuant to which Celeritas agreed to sell all or a substantial portion of its assets.

   **RESPONSE:**

   Defendants object that this request is overbroad, unduly burdensome and seeks information that is not relevant to any matter in contention between the parties. This is a simple dispute involving claims that the Defendants failed to make payments under notes and a guarantee, and the sale of assets by any Defendant at any time have no relevance to the matters plead in Plaintiff's live Complaint.

26. All checks, money orders, COD's, wire transfers slips, receipts or other similar Document evidencing any value or consideration received by Celeritas in the sale of all or a substantial portion of its assets.

   **RESPONSE:**

   Defendants object that this request is overbroad, unduly burdensome and seeks information that is not relevant to any matter in contention between the parties. This is a simple dispute involving claims that the Defendants failed to make payments under notes and a guarantee, and the sale of assets by any Defendant at any time have no relevance to the matters plead in Plaintiff's live Complaint.

27. All company resolutions or other similar Document that identifies, describes or relates to Celeritas' sale of all or a substantial portion of its assets.

   **RESPONSE:**

   Defendants object that this request is overbroad, unduly burdensome and seeks information that is not relevant to any matter in contention between the parties. This is a simple dispute involving claims that the Defendants failed to make payments under notes and a guarantee, and the sale of assets by any Defendant at any time have no relevance to the matters plead in Plaintiff's live Complaint.

28. All Documents which identify, describe or relate to the sale by Celeritas of all or a substantial portion of its assets.

   **RESPONSE:**

Defendants object that this request is overbroad, unduly burdensome and seeks information that is not relevant to any matter in contention between the parties. This is a simple dispute involving claims that the Defendants failed to make payments under notes and a guarantee, and the sale of assets by any Defendant at any time have no relevance to the matters plead in Plaintiff's live Complaint.

29.   All Documents referred to in Your Answers to Plaintiff's First Set of Interrogatories.

**RESPONSE:**

Defendants object that this request is overbroad, vague and, if its seeks the production of documents Defendants referred to while preparing their Answers to Plaintiff's First Set of Interrogatories, is both duplicative of previous requests and calls for the production of documents protected by the attorney-client and work-product privileges.

30.   All Documents that You intend to offer as exhibits at trial, whether demonstrative or evidentiary.

**RESPONSE:**

Objection to the extent Plaintiff seeks to have Defendant designate its exhibits at this time. Defendant will designate its exhibits pursuant to Rule 26(a)(3).

**DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION  Page 10 of 11**

**CERTIFICATE OF SERVICE**

In accordance with Federal Rules of Civil Procedure, on the 1st day of October, 2015, a true and correct copy of the above and foregoing document was served via email and U.S. Mail upon the following counsel of record:

Lee A. Collins
4265 San Felipe Road, Suite 1200
Houston, Texas 77027
Telephone: (713) 850-7766
Facsimile: (713) 552-1758
lcollins@boyarmiller.com

OF COUNSEL:
David Stockel
Joshua A. Eberle
BOYARMILLER
4265 San Felipe Road Suite 1200
Houston, Texas 77027
Telephone: (713) 850-7766
Facsimile: (713) 552-1758
dstockel@boyarmiller.com
jeberle@boyarmiller.com

William D. Taylor
4115 Highgrove Drive
Arlington, Texas 76001
Telephone: (817) 483-8388
Facsimile: (817) 483-4390

H. Alexander Fuller